IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02134-BNB

NICK SMITH-BEY,

    Plaintiff,

v.

WARDEN REID,
VICKI JARRETT,
WARDEN STEVE HARTLEY,
OFFICER MICHAEL YOUNGER,
OFFICER WALRAVEN,
CAPTAIN HOFFMAN,
LT. GILES, and
WARDEN MILYARD,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 16 2008

GREGORY C. LANGHAM
                CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Nick Smith-Bey, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Smith-Bey has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must construe the complaint liberally because Mr. Smith-Bey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Smith-Bey will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that the complaint improperly combines three separate and unrelated claims against three separate groups of

Defendants into one action. As a result, the complaint violates Rule 20(a)(2) of the Federal Rules of Civil Procedure. That rule provides:

> (2) **Defendants**. Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Mr. Smith-Bey asserts his first claim, an Eighth Amendment claim, against Defendant Warden Reid at the Centennial Correctional Facility. Mr. Smith-Bey alleges in his first claim that he was subjected to cruel and unusual punishment at the Centennial Correctional Facility in December 2005 when he was scalded by water in the shower that was too hot and in January 2006 when he slipped and fell due to a known and dangerous ineffective drainage condition in the shower. Mr. Smith-Bey's second claim is a religious discrimination claim against Defendants Vicki Jarrett and Warden Steve Hartley at the Limon Correctional Facility. The second claim is based on Mr. Smith-Bey's termination from a computer class in July 2007 at the Limon Correctional Facility because of a conflict with religious services. In his third claim, which is asserted against Defendants Officer Michael Younger, Officer Walraven, Captain Hoffman, Lieutenant Giles, and Warden Milyard, Mr. Smith-Bey alleges that he faced retaliation and cruel and unusual punishment while he was incarcerated at the Sterling Correctional Facility beginning in June 2008.

As noted above, there is no overlap between the three groups of Defendants at three different prisons who are alleged to have violated Mr. Smith-Bey's rights in connection with these three claims that all arose at different times. Mr. Smith-Bey does not assert any right to relief against the three separate groups of Defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). In essence, Mr. Smith-Bey has combined what should be three separate lawsuits into one pleading.

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, the court may dismiss improper parties. *See id.* However, because it is not clear which one of his three claims Mr. Smith-Bey intends to pursue in this action, he will be ordered to file an amended complaint that complies with the joinder requirements of Rule 20(a)(2). Mr. Smith-Bey is reminded that the amended complaint also must comply with the pleading requirements of Rule 8. In order for Mr. Smith-Bey to state a claim in federal court, the amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Smith-Bey file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Smith-Bey, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Smith-Bey fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED October 16, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02134-BNB

Nick L. Smith-Bey
Prisoner No. 98861
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** form to the above-named individuals on 10/16/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk